ON REHEARING
PER CURIAM.
It is contended upon defendant’s application for rehearing that the public liability insurance policy issued by the defendant, Peerless Insurance Company, in favor of the State of Louisiana, in effect on the date of the accident, was offered in evidence by consent of counsel, and the Court had the policy before it at the time of the ruling on the exception of no cause of action. Thus, it is contended, the pleadings were enlarged, and the policy was properly considered by the Court below, and should be considered by this Court.
Counsel’s point would be well taken if the facts stated were supported by the record. Actually, however, the policy is not in the record; neither is there any indication it was introduced in evidence in the Court below; and there is nothing to show that ■counsel agreed to such introduction.
The following minute entry, however, ■does appear of record:
“Court met July 13, 1961 at 9 a. m. “Honorable John R. Rarick, Judge presiding.
* * * * * *
“No. 2497 Charles D. Brannon vs. Peerless Insurance Company
“This matter came up for hearing on the Exception of No Cause of Action filed by defendant. Present in Court: Hon. Leon A. Picou, Jr., attorney for plaintiff and Hon. G. T. Owen, Jr., attorney for defendant. When after hearing argument of counsel the Court sustained the Exception of No Cause of Action as to Peerless Insurance Co., and order (sic) the defendant to file a copy of the Insurance Contract in the record.” (Emphasis added).
Defendant obviously did not file the policy in evidence, because if it had, the order to file a copy thereof would have been unnecessary and superfluous.
It would serve no useful purpose to speculate upon the reason for the aforesaid order or the Court’s authority to issue it. It remains, nevertheless, that defendant has not filed a copy of the policy in the record pursuant to the Court’s order, and neither the policy nor a copy thereof is in the record before this Court.
Rehearing denied.